UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAINE B. GEMENY, III, | No. 2:13-cv-0874 GEB AC |
| Plaintiff, | |
| v. | ORDER AND |
| EDMUND G. BROWN, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding in this action pro se and in forma pauperis. The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467

1

U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In this case, plaintiff, a convicted felon who was released from Logan Correctional Center in 2006, complains that he was recently refused visitation with an inmate at High Desert State Prison ("HDSP") in violation of plaintiff's due process rights.  When plaintiff sought approval to visit said inmate, plaintiff was denied by the California Department of Corrections and Rehabilitation ("CDCR") on August 31, 2012 pursuant to California Code of Regulations ("CCR"), title 15, §3172.1(b)(6)(B) and § 3172.1[b](4).  Compl., Attach., ECF No. 1 at 8. Plaintiff accuses defendants Edmund G. Brown, Governor of California, Matthew Cate, Secretary of CDCR, and Ron Barnes, Warden of HDSP, of racketeering, mail fraud, and conspiring to deprive plaintiff of his constitutional rights.  Plaintiff seeks $33,000,000 in damages and declaratory and injunctive relief.

Generally, there is no constitutional right to visitation for convicted prisoners, their family and spouses. Overton v. Bazzetta, 539 U.S. 126, 136-37 (2003) (upholding prison regulations banning visitation privileges entirely for a two-year period for inmates with two substance abuse violations and regulating the conditions of visitations by others as not affecting constitutional rights that survive incarceration); Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989) (no liberty interest in visits with "a particular visitor"); Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002), cert. denied, 537 U.S. 1039 ("It is well-settled that prisoners have no constitutional rights while incarcerated to contact visits or conjugal visits."); Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir. 1986) (denial of contact visitation does not violate Eighth Amendment); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).  Because there is no federal or U.S. Constitutional right to a visit with a prisoner, plaintiff's complaint fails to state a claim upon which relief may be granted.

Moreover, the Supreme Court addressed the issue of whether or not state prison policies create a protected liberty interest in Sandin v. Conner, 515 U.S. 472 (1995). In Sandin, the Supreme Court was called upon to determine whether Hawaii prison regulations or the Due Process Clause afforded Sandin a protected liberty interest that would entitle him to procedural protections before transfer into segregation. The Court held that prisoners have liberty interests protected by the Due Process Clause only where the contemplated restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 115 S. Ct. at 2300. In its specific application to inmate Sandin, the Court stated the test another way: "Based on a comparison between inmates inside and outside disciplinary segregation, the state's actions in placing [Sandin] there for 30 days did not work a major disruption in his environment ." Id. at 2301. The Court rejected its prior test traditionally used to determine whether a prison regulation creates a liberty interest, to wit: whether the relevant regulation contains language that is mandatory or discretionary. Id. at 2298-2300. The Court in its new approach seeks to prevent turning every rule or regulation that establishes a procedure or requires the provision of an amenity into a right that implicates a liberty interest.

Looking at the regulatory language at issue here, 15 CCR § 3170.1 sets forth general substantive criteria which must be followed and circumstances under which visitation must be approved. However, section 3172.1(b) specifically provides that visitation may be discretionarily denied for reasons other than those set forth in the regulations, such as here, where (1) the prospective visitor was deemed to have falsified information, 15 CCR §3172(b)(6)(B), and (2) the prospective visitor is a former prison inmate who has not received the prior written approval of the institution head or designee, id. § 3172.1(b)(4). As to the latter reason, after one year from the date of a former inmate's discharge from an institution/facility, or after discharge from parole or outpatient status, the institution head will only deny visiting by a former prison inmate for reasons that would apply to any other person as set forth in this article. Id. § 3172.1(b)(4).

This reservation of the right to allow and disallow visits "is not such that an inmate can reasonably form an objective expectation that a visit would necessarily be allowed absent the occurrence of one of the listed conditions." See Thompson, 490 U.S. at 464-65 (finding no

1 protected liberty interest in Kentucky regulations).  Because a visit may be denied regardless of
2 compliance with substantive criteria, this language is not sufficiently mandatory to meet the first
3 prong of the Sandin test, and therefore no protected liberty interest requiring constitutional
4 protection is created.  Because no amendment could remedy the issues identified, the complaint
5 should be dismissed with prejudice.

6 Accordingly, IT IS HEREBY ORDERED that the October 16, 2013 initial scheduling
7 conference is vacated; and

8 IT IS HEREBY RECOMMENDED that this case be dismissed for failure to state a claim.

9 These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
11 after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
14 within the specified time may waive the right to appeal the District Courts order.  Martinez v.
15 Ylst, 951 F.2d 1153 (9th Cir. 1991).

16 DATED: October 2, 2013

17 _____
ALLISON CLAIRE
18 UNITED STATES MAGISTRATE JUDGE

20 /mb;geme0874.fr.dism